# EXHIBIT A
# 2026-09-18 Order denying Motion for Reconsideration

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

In re:

Decapolis Systems, LLC.,

Debtor.

---------------------------------------------------------x

Chapter 7

Case No. 25-22390 (SHL)

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the Court is Raymond Joao's ("Joao") Motion for Reconsideration of Order of Dismissal dated May 22, 2026 [ECF No. 42] (the "Motion"), which is joined by the above-captioned debtor (the "Debtor," together with Joao, "Movants") [ECF No. 46]. Movants seek reconsideration of this Court's May 8, 2026 Order Granting Epic System Corporation's Motion to Dismiss [ECF No. 40] under Rules 9023 and 59(e) of the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure, respectively. Motion at 1. Familiarity with the facts of this case is presumed as set forth in this Court's prior opinion granting the dismissal of this case. *See* Memorandum of Decision [ECF No. 36] ("Decision").

The Court entered an order requesting responses to the Motion from both the Chapter 7 Trustee (the "Trustee") and Epic Systems Corporation ("Epic"). [ECF No. 48]. Epic filed a response in support of denying the Motion, arguing the Movants failed to identify "clear error" warranting reconsideration and failed to identify material errors which alter the basis by which this Court granted Epic's Motion to Dismiss. *See* Epic's Response to Joao's Motion for Reconsideration at 1 [ECF No. 50] ("Epic's Response"). The Trustee wrote a letter in support of denying the Motion. Chapter 7 Trustee's Letter [ECF No. 49]. Specifically, the Trustee sees no proper bankruptcy purpose in administering this bankruptcy case that, in the Trustee's view, is a two-party dispute with Epic being the only creditor to have appeared in this case and holding

98.6% of the scheduled claims. *See id*. The Trustee also notes that with respect to the Garteiser Honea indemnification claim, without opining upon its merits, "[i]t may end up the case that in the exercise of business judgment and after a bar date passes . . . [the Trustee] will abandon the asset." *Id.* (highlighting that no creditors have filed claims within this bankruptcy case).

**Discussion**

Rule 59(e) authorizes the filing of a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e); *see* Fed. R. Bankr. P. 9023 (applying Fed. R. Civ. P. 59 in bankruptcy cases). Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quoting *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996)). The standard for granting a motion to alter or amend a judgment under Federal Rule 59(e) is "strict, and reconsideration will generally be denied . . . ." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). The burden rests with the movant. *See In re Crozier Bros., Inc.*, 60 B.R. 683, 688 (Bankr. S.D.N.Y. 1986). "A motion to amend the judgment will be granted only if the movant presents matters or controlling decisions which the court overlooked that might have materially influenced its earlier decision." *In Design v. Lauren Knitwear Corp.*, 1992 WL 42911, at *1 (S.D.N.Y. Feb. 24, 1992) (citations omitted); *see also Shrader*, 70 F.3d at 257 ("[M]atters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)

(internal citations and quotations omitted). "Newly discovered evidence" is evidence which "was in existence at the time of trial of which the moving party was excusably ignorant." *Crozier Bros. Inc.*, 60 B.R. at 688. Manifest injustice exists when a "verdict is wholly without legal support . . . and the error is obvious to all who view it." *Wansdown Props. Corp. N.V. v. 29 Beekman Corp. (In re Wansdown Props. Corp. N.V.)*, 626 B.R. 141, 145 (Bankr. S.D.N.Y. 2021) (internal citations omitted). A motion for reconsideration is not to be used as a vehicle for repeating the movant's previously rejected arguments. *AP v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L.*, No. 12-CV-01369, 2013 WL 5299131, at *2 (S.D.N.Y. Sept. 20, 2013) ("Neither Rule 52(b) nor Rule 59(e) . . . authorizes [a] party to relitigate an issue on which the Court has ruled with evidence that the Court has already taken into account.").

Applying these principles to the Motion at hand, the Court finds the Movants have failed to meet their burden for reconsideration of the dismissal of the case. Movants argue that their requested relief is warranted upon two independent grounds. First, they raise that the Court "committed clear error of fact in finding that the Debtor's estate contained 'nothing to administer,'" and by failing to give proper consideration of the value of the Debtor's scheduled indemnification claim against its prior counsel Garteiser Honea. Motion at 1. Second, Movants argue the Court made several incorrect findings of fact that, when taken together, "materially alter the totality of circumstances analysis that supported dismissal." *Id.* at 1–2.

As to Movants' first argument, Movants argue that the Court did not consider or fully weigh the Debtor's indemnification claim against their former patent counsel Garteiser Honea ("GH") as an asset of the estate, which Movants claim could potentially fund all creditors' claims within this case, with the administration of such asset by the Chapter 7 Trustee serving as "an

independent, substantial bankruptcy purpose." *Id.* at 9–10. In support of this premise, Movants point generally to the representation agreement between the Debtor and GH, stating the agreement contains "express written indemnification." *Id*. at 10. Movants also raise purported "newly available evidence [that] confirms the GH claim's viability: the complaint has been filed," referring to a breach of contract action by the Debtor against GH filed on May 20, 2026 in the Southern District of Florida.[1] *Id*. at 11; Decl. of David A. Ward in Support of Motion for Reconsideration on Behalf of Interested Party Raymond A. Joao, Ex 1 [ECF No. 42-1] ("Ward Dec.l"). Movants further argue that the filing of this action somehow also exemplifies the bankruptcy purpose of consolidating multiple pending claims into one forum for adjudication. Motion at 11.

But the Court disagrees that this potential indemnification claim justifies reconsideration. In fact, the recently filed breach of contract action is not "newly available evidence." *Id.* at 11. Rather, Debtor's claim against GH has existed at all times throughout the bankruptcy case. The Court was aware of the claim against GH when the Court determined there was nothing to administer. *See* Decision at 3. The argument that the Court did not fully consider the potential payout from the indemnification claim as a substantial purpose in this bankruptcy case also fails; the Court noted in its Decision that the Trustee had not taken any steps to pursue recovery against GH. *Id*. at 2, 15 n.1; *see also* Chapter 7 Trustee's Letter (supporting dismissal). To the extent that Movants resurrect the argument that this bankruptcy case should proceed because it can serve as a single forum to consolidate multiple pending claims in multiple jurisdictions—including the indemnification claim—this argument is unpersuasive. *See* Decision at 14–15 (finding the case to be a two-party dispute and Debtor identified no other bankruptcy purpose).

[1] This action was notably filed after the Order of Dismissal of this bankruptcy case was entered. *See* Order Granting Epic System's Corporation's Motion to Dismiss.

There is no need for a bankruptcy forum to consolidate the existing litigation involving the Debtor: Epic's declaratory judgment action against the Debtor, Joao's declaratory action against Epic, and Movants' recently filed suit against GH are all currently pending before the same judge in the South District of Florida. Epic's Response at 9. Ultimately, Movant's purported "clear error" is a disagreement on a conclusion of law that does not warrant reconsideration. "[T]he fact that a losing party merely disagrees with the court's findings is not a sufficient reason for granting" a motion for reconsideration on issues that the court has fully considered. *In Design v. Lauren Knitwear Corp.*, 1992 WL 42911, at *3. It is well established that filing a lawsuit doesn't guarantee recovery as "[a] lawsuit's outcome . . . is always speculative." *In re Rey*, 2006 WL 2457435, at *7 (Bankr. N.D. Ill. Aug 21, 2006) (dismissing under Section 1112(b)(2) for unfeasibility where a Chapter 11 plan's proposed funding came from proceeds of a pending lawsuit); *see also In re FRGR Managing Member LLC*, 419 B.R. 576, 583–84 (Bankr. S.D.N.Y. 2009) (collecting cases); *In re T.S.P. Industries*, 120 B.R. 107, 111 (Bankr. N.D. Ill. 1990) (declining conversion where a motion to convert or dismiss is "used as a pretext for a fishing expedition, especially when the lake looks so barren.").

Movants' second ground for reconsideration rests upon several purported mistakes of fact that, when taken together, are alleged to amount to clear error. *See* Motion at 1–2. First, Movant points out that the last transfer of assets from Decapolis to Joao occurred in December 2022, and not six months prior to the award of Epic's attorney's fees. Motion at 11; *but see* Decision at 15-16. Second, Movants assert the Court incorrectly found there was "no detailed explanation" of the Debtor's practices in transferring assets to Joao during the ordinary course of business, that it is contradicted by the record consisting of Joao's declaration and the transcript of the July 30, 2025 hearing. Motion at 6-7, 12; *see* Decl. of Raymond A. Joao in Opp'n to Epic's Mot. to

Dismiss [ECF No. 18-1] (the "Joao Declaration"); Hr'g Tr. (July 30, 2025) [ECF No. 24] (the "Hr'g Tr."). The third purported error of the Court was in finding that Epic "essentially holds the claims" of its indemnified customers, with that the finding contradicted by the record in the Movants' view given the Debtor's argument that the judgments direct the Debtor to pay the customers and not Epic. Motion at 12. Debtor highlights the recent post-dismissal action filed by customer Christus Health, who "acted independently of Epic to lift the automatic stay[,]" confirms the bankruptcy case is more than a two-party dispute. *Id*. at 13. Finally, Movants raise the Court erred in characterizing Joao's New York declaratory action as a response to preempt Epic's execution of its judgment. *Id*. at 13-14. Specifically, Movants argue that the New York declaratory action was filed 20 days prior to Epic's execution motion and was in response to Epic's settlement demands. *Id*. According to Movant, these errors taken together demonstrate clear error in the Court's dismissal analysis and warrant reconsideration to prevent manifest injustice. *Id*. at 14–15.

But once again, Movants fail to meet their burden. As to the first fact, the Movants are correct that the last transfer between the Debtor and Joao occurred in 2022, and Movants' correction is well taken. However, the precise timing of the transfer was not material to the Court's finding that cause for dismissal existed because it does not alter the rationale for determination of this case essentially being a two-party dispute; it simply changes one of the details of the Decision.[2] The remaining alleged factual errors are insufficient to warrant reconsideration of dismissal under Rule 59(e) whether considered both individually and when taken in totality. For example, it is true that the Court's finding of "no detailed explanation" as to

---

[2] Rule 9005 provides: "when appropriate, the court may order the correction of any error . . . that does not affect a substantial right" and incorporates Rule 61 of the Federal Rules of Civil Procedure. Fed. R. Bank. P. 9005; Fed. R. Civ. P. 61 ("Unless justice requires otherwise, no error . . by the court or a party[] is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order.").

the Debtor's practices in transferring assets cited only part to the Joao Declaration, but that determination was made with full consideration of the entire Joao Declaration. *See e.g.* Decision at 6, 16 (citing to Joao Decl. ¶¶ 35, 39, 40). Thus, this was not evidence overlooked, rather the Court's determination on this issue was well within the Court's discretion given the evidentiary record. *See Davis v. Clarklift–West, Inc. (In re Quebecor World (USA) Inc.)*, 518 B.R. 757, 762 (Bankr. S.D.N.Y. 2014) (applying a preponderance of the evidence standard and first inquiring into whether a historical baseline was established when considering the ordinary course of business defense). In short, the Court was aware of the Debtor's transfer of funds to its principal Mr. Joao and found that the circumstances regarding the transfer of funds supported dismissal. Next, Movants blatantly reargue their points as to Epic's indemnification of its customers and wholly ignores the Court's determination of why, as a practical matter, this case functioned as a two-party dispute. *See* Decision at 7 (summarizing Debtor's argument that each customer lawsuit represents a different claimant despite Epic's indemnification); Decision at 14–15 (explaining why this case functions as a two-party dispute); *see also* Hr'g Tr. 35:7–37:25, 51:12–53:22 (questioning Debtor and Joao's argument on why the Court should reject Epic as the true economic party in interest of its indemnified customers). Indeed, the Trustee here agrees, stating that "[f]rom my perspective, dismissal continues to be appropriate as there is no proper bankruptcy purpose served by administering the case, an essentially two-party dispute . . . ." Chapter 7 Trustee's Letter (noting that Epic's claims constitute 98.96% of scheduled claims in the case where no creditors have filed any claims). In any event, the case law is clear that even the existence of other minor creditors does not preclude dismissal where the gravamen of the case is a dispute between the debtor and its main creditor. *See e.g.*, *In re Syndicom Corp.*, 268 B.R. 26, 51 (Bankr. S.D.N.Y. 2001) (finding a two-party dispute "in essence" where there were

other minor creditors). Movant's argument of Christus Health "acting independently of Epic" is not new evidence nor does it change the factual analysis here. *See* Epic's Response at 13. Finally, Movants' argument of the timing and intention of the New York declaratory action is equally unpersuasive. The argument was previously raised and considered by the Court, before being ultimately rejected given that this bankruptcy case is the "latest forum" after four years of multijurisdictional litigation. *See* Joao Decl. ¶¶ 44–46 ("[F]ollowing the award of attorney's fees to Epic on November 25, 2024, I commenced [the New York declaratory action] on December 7, 2024 . . . At the time of filing, there was no claim asserted by Epic against [Joao] . . ."); Declaration of David A. Ward in Opposition to Epic's Motion to Dismiss ¶ 6 [ECF No. 18-4] ("The action for declaratory relief was predicated upon settlement discussions . . . "); Decision at 13–14 (considering Debtor's argument as to the relevance of pre-petition litigation).

In sum, the Movants do not ask this Court to reconsider the Decision based on any new relevant facts or subsequent developments in the law, but rather because Movants disagree with the Court's ultimate conclusion. *Adelphia Commc'n Corp. v. U.S. Specialty Ins. Co. (In re Adelphia Commc'n Corp.)*, 639 B.R. 657, 664 (Bankr. S.D.N.Y. 2022). The proper mechanism for such an argument is an appeal. *See Woman's Integrated Network, Inc. v. U.S. Specialty Ins. Co.*, 495 Fed. App'x. 129, 131 (2d Cir. 2012) ("Even if we were to assume, without deciding, that the district court misconstrued the insurance policy or misapplied governing law in granting dismissal, . . . the proper recourse for [movant] was to file a timely appeal to this court[.]") (summary order).

For all the foregoing reasons and for the absence of any exceptional circumstances warranting Rule 59(e) relief, the Court denies the Motion.

Date: September 18, 2026
White Plains, New York

***/s/ Sean H. Lane***
HON. SEAN H. LANE, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT